RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAY 0 7 2026

DANIEL J. McCOY, CLERK

BY:_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 18 U.S.C. § 241 |
| | 18 U.S.C. § 242 |
| | 18 U.S.C. § 1519 |
| v. | 18 U.S.C. § 1512(b)(3) |
| JEREMY SCOTT WILEY (01), | 1:26-cr-00190 |
| GARY LOUIS ALLEN (02), | Judge Edwards |
| WILLIAM TERRY SAVAGE (03), | Magistrate Judge Perez-Montes |
| JAMES ANTHONY WATHEN (04), and | |
| CHAD WESLEY LITTLETON (05), | |
| Defendants | |

## INDICTMENT

The Federal Grand Jury charges:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      The Catahoula Parish Correctional Center ("CPCC") was a state prison operated by the Catahoula Parish Sheriff's Office ("CPSO") in Harrisonburg, Louisiana, within the Western District of Louisiana. CPCC housed inmates who were serving prison sentences as well as pretrial detainees who were held pending trial.

2.      CPSO employees who operated CPCC were responsible for the custody, control, care, and safety of inmates and pretrial detainees housed at CPCC

3.      CPCC maintained a number of prison "grounds" on its premises, including "Cell 12," which contained six beds and was located near an outdoor recreation yard.

4.      Defendant JEREMY SCOTT WILEY was employed by CPSO as the Warden of CPCC. As Warden, WILEY was responsible for the day-to-day supervision of CPCC.

5.      Defendant GARY LOUIS ALLEN was employed by CPSO as the Assistant Warden of CPCC. As Assistant Warden, ALLEN was responsible for the day-to-day supervision of CPCC, Defendant JEREMY SCOTT WILEY.

6.      Defendant WILLIAM TERRY SAVAGE was employed by CPSO as a Colonel at CPCC.

7.      Defendant JAMES ANTHONY WATHEN was employed by CPSO as a Major at CPCC.  WATHEN served as CPCC's Chief of Security.

8.      Defendant CHAD WESLEY LITTLETON was employed by CPSO as a Sheriff's Deputy at CPSO.  As a CPSO Sheriff's Deputy, LITTLETON was responsible for responding to requests for assistance at CPCC.

9.      Carl Williamson, a Transportation Officer, was employed by CPSO and worked at CPCC.

10.     Lieutenant 1 was employed by CPSO

11.     E.S. was an inmate housed at CPCC.

12.     W.L. was an inmate housed at CPCC.

13.     K.W. was an inmate housed at CPCC.

14.     D.C. was an inmate housed at CPCC.

15.     D.M. was an inmate housed at CPCC.

16.     D.H. was an inmate housed at CPCC.

2

17. A.B. was an inmate housed at CPCC.

18. D.G. was an inmate housed at CPCC.

19. S.P. was an inmate housed at CPCC.

20. E.V. was an inmate housed at CPCC.

21. G.C. was an inmate housed at CPCC.

22. C.W. was a pretrial detainee housed at CPCC.

23. T.J. was a pretrial detainee housed at CPCC.

24. "Electrified riot shields" were specialized, non-lethal protective tools, typically made from clear, high-strength polycarbonate. The front of electric riot shields were covered with metal conduction strips which delivered high voltage (typically 50,000 to 80,000 volt), low-amperage, and low-current electrical shocks.

## COUNT 1
### Conspiracy Against Rights
[18 U.S.C. § 241]

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. On or about and between January 27, 2024, and August 20, 2025, in Catahoula Parish, in the Western District of Louisiana, the defendants,

**JEREMY SCOTT WILEY,**
**GARY LOUIS ALLEN,**
**WILLIAM TERRY SAVAGE,**
**JAMES ANTHONY WATHEN, and**
**CHAD WESLEY LITTLETON,**

did willfully combine, conspire, and agree with one another, with Carl Williamson and with other persons known and unknown to the Grand Jury, to injure, oppress,

3

threaten, and intimidate persons in the custody of CPCC in the free exercise and enjoyment of any right or privilege secured to them by the Constitution or laws of the United States, that is, the right of inmates to be free from cruel and unusual punishment and the right of pretrial detainees to be free from the use of reasonable force by a corrections deputy, in violation of Title 18, United States Code, Section 241.

## OBJECT OF THE CONSPIRACY

3.      It was a purpose and object of the conspiracy for the defendants and their co-conspirators to strike, shock, crush, and assault inmates and pretrial detainees in the custody of CPCC that the defendants and their co-conspirators had selected for interrogation and punishment.  As further part of the conspiracy, the defendants and their co-conspirators also concealed and hid, and caused to be concealed and hidden, the acts done and the purpose of the acts done in furtherance of the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

4.      The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included the following, among other things:

5.      The defendants and their co-conspirators would bring weapons, such as an electrified riot shield, for use during assaults;

6.      The defendants and their co-conspirators would transport inmates that they intended to strike, shock, crush, and assault to an administrative office where there were no cameras;

4

7.    The defendants and their co-conspirators would order officers wearing body-worn cameras to turn off their cameras before an assault occurred;

8.    The defendants and their co-conspirators would ensure that footage of any assaults that occurred within view of CPCC's surveillance system would not be scheduled for preservation;

9.    The defendants and their co-conspirators would submit and cause to be submitted false reports which, among other things, omitted the assaults.

All in violation of Title 18, United States Code, Section 241.

## COUNTS 2-12
### Abuse of Rights Under Color of Law
### Cruel and Unusual Punishment
[18 U.S.C. § 242]

10.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

11.    On or about February 1, 2024, in Catahoula Parish, in the Western District of Louisiana, the defendant,

**JEREMY SCOTT WILEY,**

while acting under color of any law, statute, ordinance, regulation, or custom, that is, in his capacity as Warden of the CPCC, willfully subjected any person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, that is, the inmates' right to be free from cruel and unusual punishment, in that the defendant used an electrified riot shield to shock and crush the inmates described below while they were handcuffed, compliant, and subdued by pepper spray.

5

| COUNT | VICTIM |
|-------|--------|
| 2 | E.S. |
| 3 | W.L. |
| 4 | K.W. |
| 5 | D.C. |
| 6 | D.M. |
| 7 | D.H. |
| 8 | A.B. |
| 9 | D.G. |
| 10 | S.P. |
| 11 | E.V. |
| 12 | G.C. |

In violation of Title 18, United States Code, Section 242.

12.    Pursuant to Title 18, United States Code, Section 242, it is further alleged that bodily injury resulted from the acts committed and that the acts committed involved the use and threatened use of a dangerous weapon.

### COUNTS 13-14
### Abuse of Rights Under Color of Law
### Unreasonable Force
### [18 U.S.C. § 242]

1.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

6

2.      On or about February 1, 2024, in Catahoula Parish, in the Western District of Louisiana, the defendant,

**JEREMY SCOTT WILEY,**

while acting under color of any law, statute, ordinance, regulation, or custom, that is, in his capacity as Warden of the CPCC, willfully subjected any person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, that is, the pretrial detainees' right to be free from the use of unreasonable force by a corrections officer, in that the defendant used an electrified riot shield to shock and crush the pretrial detainees described below while they were handcuffed, compliant, and subdued by pepper spray.

| COUNT | VICTIM |
|-------|--------|
| 13    | C.W.   |
| 14    | T.J.   |

In violation of Title 18, United States Code, Section 242.

3.      Pursuant to Title 18, United States Code, Section 242, it is further alleged that bodily injury resulted from the acts committed and that the acts committed involved the use and threatened use of a dangerous weapon.

**COUNT 15**
**Abuse of Rights Under Color of Law**
**Cruel and Unusual Punishment**
[18 U.S.C. § 242]

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

7

2.      On or about February 1, 2024, in Catahoula Parish, in the Western District of Louisiana, the defendant,

**CHAD WESLEY LITTLETON,**

while acting under color of any law, statute, ordinance, regulation, or custom, that is, in his capacity as a deputy of the CPSO, willfully subjected any person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, that is, the person's right to be free from cruel and unusual punishment, in that the defendant struck an inmate in the head and genitals, in violation of Title 18, United States Code, Section 242.

3.      Pursuant to Title 18, United States Code, Section 242, it is further alleged that bodily injury resulted from the acts committed.

## COUNTS 16-26
### Abuse of Rights Under Color of Law
### Failure to Intervene
[18 U.S.C. § 242]

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about February 1, 2024, in Catahoula Parish, in the Western District of Louisiana, the defendants,

**GARY LOUIS ALLEN,**
**WILLIAM TERRY SAVAGE, and**
**JAMES ANTHONY WATHEN,**

while acting under color of any law, statute, ordinance, regulation, or custom, that is, in their respective capacities as an Assistant Warden, Colonel, and Major of the CPCC, willfully subjected any person to the deprivation of any rights, privileges, or

8

immunities secured or protected by the Constitution or laws of the United States, that is, the inmates' right to be free from cruel and unusual punishment, in that the defendants failed to intervene despite having the means and opportunity to do so while the inmates described below were being shocked and crushed by an electrified riot shield while they were handcuffed, compliant, and subdued by pepper spray.

| COUNT | VICTIM |
| --- | --- |
| 16 | E.S. |
| 17 | W.L. |
| 18 | K.W. |
| 19 | D.C. |
| 20 | D.M. |
| 21 | D.H. |
| 22 | A.B. |
| 23 | D.G. |
| 24 | S.P. |
| 25 | E.V. |
| 26 | G.C. |

In violation of Title 18, United States Code, Section 242.

3.     Pursuant to Title 18, United States Code, Section 242, it is further alleged that bodily injury resulted from the acts committed and that the acts committed involved the use and threatened use of a dangerous weapon.

## COUNTS 27-28
### Abuse of Rights Under Color of Law
### Failure to Intervene
### [18 U.S.C. § 242]

1.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.    On or about February 1, 2024, in Catahoula Parish, in the Western District of Louisiana, the defendants,

**GARY LOUIS ALLEN,**
**WILLIAM TERRY SAVAGE, and**
**JAMES ANTHONY WATHEN,**

while acting under color of any law, statute, ordinance, regulation, or custom, that is, in their respective capacities as an Assistant Warden, Colonel, and Major of the CPCC, willfully subjected any person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, that is, the inmates' right to be free from cruel and unusual punishment, in that the defendants failed to intervene despite having the means and opportunity to do so while the inmates described below were being shocked and crushed by an electrified riot shield while they were handcuffed, compliant, and subdued by pepper spray.

| COUNT | VICTIM |
|-------|--------|
| 27    | C.W.   |
| 28    | T.J.   |

In violation of Title 18, United States Code, Section 242.

10

3.      Pursuant to Title 18, United States Code, Section 242, it is further alleged that bodily injury resulted from the acts committed and that the acts committed involved the use and threatened use of a dangerous weapon.

## COUNT 29
### False Report
[18 U.S.C. § 1519]

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about February 1, 2024, in Catahoula Parish, in the Western District of Louisiana, the defendant,

**JEREMY SCOTT WILEY,**

did knowingly conceal, cover up, falsify, and make false entries in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), and in relation to and contemplation of such matter, that is, writing, signing, and submitting a report intended to cover up unlawful assaults on the inmates and pretrial detainees, in that the defendant: (1) falsely omitted and concealed the assaults and failures to intervene described in Counts 1-28 above, (2) falsely omitted and concealed Carl Williamson's assault of one of the prisoners in the rec yard, and (3) falsely claimed that no "further incident" occurred after the inmates were "restrained using mechanical restraints (Handcuffs), and escorted onto the recreation yard, where they were placed face down . . . .," in violation of Title 18, United States Code, Section 1519.

11

## COUNT 30
### False Report
[18 U.S.C. § 1519]

1.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.    On or about February 1, 2024, in Catahoula Parish, in the Western District of Louisiana, the defendant,

**WILLIAM TERRY SAVAGE,**

did knowingly conceal, cover up, falsify, and make false entries in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the FBI, and in relation to and contemplation of such matter, that is, writing, signing, and submitting a report intended to cover up unlawful assaults on the inmates and pretrial detainees, in that the defendant: (1) falsely omitted and concealed the assaults and failures to intervene described in Counts 1-28 above, (2) falsely omitted and concealed Carl Williamson's assault of one of the prisoners in the recreation yard, and (3) falsely claimed that "at no time did staff members use any other type force on the offenders," in violation of Title 18, United States Code, Section 1519.

## COUNT 31
### False Report
[18 U.S.C. § 1519]

1.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about February 1, 2024, in Catahoula Parish, in the Western District of Louisiana, the defendant,

**CHAD WELSEY LITTLETON,**

did knowingly conceal, cover up, falsify, and make false entries in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the FBI, and in relation to and contemplation of such matter, that is, writing, signing, and submitting a report intended to cover up unlawful assaults on the inmates, in that the defendant: (1) falsely omitted and concealed the assaults described in Counts 1-28 above, and (2) falsely omitted and concealed Carl Williamson's assault of one of the prisoners in the recreation yard, in violation of Title 18, United States Code, Section 1519.

## COUNT 32
### False Report
[18 U.S.C. § 1519]

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about February 2, 2024, in Catahoula Parish, in the Western District of Louisiana, the defendant,

**GARY LOUIS ALLEN,**

did knowingly conceal, cover up, falsify, and make false entries in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the FBI, and in relation to and contemplation of such matter, that is, writing, signing, and submitting a report

to the Louisiana Department of Corrections intended to cover up unlawful assaults on the inmates and pretrial detainees, in that the defendant: (1) falsely omitted and concealed the assaults and failures to intervene described in Counts 1-28 above, and (2) falsely omitted and concealed Carl Williamson's assault of one of the prisoners in the recreation yard, in violation of Title 18, United States Code, Section 1519.

## COUNT 33
### False Report
[18 U.S.C. § 1519]

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about February 2, 2024, in Catahoula Parish, in the Western District of Louisiana, the defendant,

### JAMES ANTHONY WATHEN,

did knowingly conceal, cover up, falsify, and make false entries in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the FBI, and in relation to and contemplation of such matter, that is, writing, signing, and submitting a report intended to cover up unlawful assaults on the inmates and pretrial detainees, in that the defendant: (1) falsely omitted and concealed the assaults and failures to intervene described in Counts 1-28 above, and (2) falsely omitted and concealed Carl Williamson's assault of one of the prisoners in the rec yard, in violation of Title 18, United States Code, Section 1519.

## COUNT 34
### Witness Tampering
[18 U.S.C. § 1512(b)(3)]

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.     On or about August 20, 2025, in Catahoula Parish, in the Western District of Louisiana, the defendant,

**GARY LOUIS ALLEN,**

did knowingly and corruptly persuade another person with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense, that is, the offenses described in Counts 1-28 of this Indictment and an additional assault committed by Carl Williamson, in that the defendant told Carl Williamson to write a report which falsely and fraudulently claimed that Lieutenant 1 had threatened the inmates and pre-trial detainees with bodily injury while they were in the recreation yard, and which omitted the assaults and failures to intervene described in Counts 1-28 of this Indictment as well as Carl Williamson's

[remainder of page intentionally left blank]

assault of one of the prisoners in the recreation yard, in violation of Title 18, United States Code, Section 1512(b)(3).

A TRUE BILL

**REDACTED**

FOREPERSON

ZACHARY A. KELLER
UNITED STATES ATTORNEY

THOMAS JOHNSON
ASSISTANT UNITED STATES ATTORNEY